**Edith G. GARWOOD, Appellant,**

v.

**William E. LOCKE et al., Appellees.**

**No. 15748.**

Court of Civil Appeals of Texas, San Antonio.

June 1, 1977.

Rehearing Denied June 29, 1977.

Karl Dorr, Southers, Goldberg, Lyons & Huson, San Antonio, for appellant.

Michael M. de Shelter, Corpus Christi, for appellees.

KLINGEMAN, Justice.

This suit arises out of an unsuccessful sterilization operation. Edith G. Garwood sued Dr. Locke and Dr. Brown for damages allegedly suffered by her in connection with the birth of a normal healthy child after a tubal ligation had been performed on her by the doctors. The parties will be herein referred to as they were in the trial court. Plaintiff alleged that the defendants were negligent (a) in failing to communicate to her the inherent and potential hazards of the proposed operation; (b) in failing to inform her of the risks, failure, and possible adverse results; (c) in failing to inform her of the nature and degree of the risk; (d) in failing to secure her informed consent to the procedure; (e) in failing to perform appropriate surgical procedures; and (f) in failure to properly perform the surgical procedure.

Plaintiff seeks damages for (a) medical expenses incurred; (b) loss of earnings; and (c) physical pain and mental anguish, past and future. Defendants denied liability and filed a motion for summary judgment asserting that (a) no such cause of action exists in Texas; (b) the damages sought are not a foreseeable consequence of the negligent conduct alleged; (c) the damages are purely speculative; (d) such character of damages in this State are barred by considerations of public policy; and (e) there is no genuine issue of material fact. The trial court granted defendants' motions for summary judgment and decreed that plaintiff take nothing against defendants.

The only summary judgment evidence is contained in an oral deposition of plaintiff. Plaintiff is a registered occupational therapist and has worked with both adult and child mental retardates. In 1962 she had a child born who was normal and healthy and there were no medical complications; except plaintiff testified that she experienced extreme trauma and it was a terrifying experience. A second child was thereafter born, who was also a normal healthy child, and there were no complications with regard to the birth. After the birth of the second child, she had problems with taking birth control pills, including bleeding, hypertension, and general depression. She discussed with her family doctor, who is not a party defendant here, her fear that she would become pregnant again, which fear, to a certain extent, was related to the type of work she was in. He suggested that she do something permanent and referred her to one of the doctors here involved, who thereafter brought in the other doctor here involved.

She testified that she told Dr. Locke she was 34 and that she worked with retarded children; that she was afraid of having a defective child; and that she did not want any more children. She testified that she discussed with Dr. Locke the question of a tubal ligation, but that Dr. Locke at no time told her there was a certain percentage of failure with respect to tubal ligations. In June of 1973 she had the operation performed and was in the hospital approximately 2½ days, but had no serious consequences from surgery.

The following September she found out that she was again pregnant. The child born thereafter was normal and healthy. She testified that while she had a normal convalescent period, that mentally and emotionally she had problems. She testified that she cried a great deal during the pregnancy and thereafter; and that she worried that such child would be mentally retarded. She stated that the baby was an unwanted child and the baby cried for hours and hours; that she went to a clinical psychologist who had been treating her for approxi-

mately a year and a half and that she was also treated by a psychiatrist. She testified that thereafter she had a hysterectomy and that the doctor who performed this operation told her in connection with her tubal ligation that the left tube was not done properly and that there was a hole there. She also testified that she had lost approximately four months' of work because of her pregnancy, which was equivalent to about $2,000.00 in wages.

Both plaintiff and defendants rely basically on the same cases, but each reach different conclusions as to the result and effect of such cases. One of such cases is *Terrell v. Garcia*, 496 S.W.2d 124 (Tex.Civ. App.—San Antonio 1973, writ ref'd n. r. e.), *cert. denied*, 415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484. This case contains a comprehensive discussion of cases and authorities from various jurisdictions with regard to the issue of liability for performance of unsuccessful sterilization operations. The narrow question presented in *Terrell* was whether the parents of an unwanted but normal child, conceived after an unsuccessful sterilization on the mother, may recover from the negligent doctor for the financial expenses of the care and maintenance of such child, plaintiff having waived all other items of damages. The majority of the Court affirmed the summary judgment of the trial court, pointing out the insurmountable problems of proof of benefits under our present standards of proof for damages; and held that public sentiment recognizes that the benefit to the parents outweigh their economic loss in rearing and educating a healthy normal child. This case does not hold that no cause of action exists or can exist in Texas for damages arising out of an unsuccessful sterilization operation and did not speak to the question of whether there was a cause of action; but only as to whether certain types of damages could be recovered.

In *Hays v. Hall*, 477 S.W.2d 402 (Tex.Civ. App.—Eastland 1972), reversed by the Supreme Court in 488 S.W.2d 412, plaintiff sought various types of damages, including medical and hospital expenses of two pregnancies, physical pain and suffering, loss of consortium, mental anguish, and the monetary expenses of raising, caring, and educating the last child, who was a normal healthy child, arising out of an unsuccessful sterilization operation. The Court of Civil Appeals held that the two-year statute of limitations barred any recovery, but also overruled a point of error pertaining to the recovery of the economic cost of raising, caring, and educating the last child, stating that to allow damages for the care and upbringing of a normal child would mean that a doctor would have to pay for the satisfaction, joy, and affection which normal parents would ordinarily have in the rearing and education of a healthy child.

The Supreme Court reversed and remanded the case for a trial on the merits, discussing only the limitations point and stating:

> One who undergoes a vasectomy operation, and then after tests is told that he is sterile, cannot know that he is still fertile, if that be the case, until either his wife becomes pregnant or he is shown to be fertile by future tests. If the limitation period is measured from the date of the operation and if the discovery of fertility and therefore the injury is not made until after the period of limitations has run, the result is that *legal remedy* is unavailable to the injured party before he can know that he is injured. A result so absurd and so unjust ought not to be possible.

Defendants assert that the Court of Civil Appeals, in such case, held unequivocally that damages are not available to a plaintiff where a normal healthy child is born; and argues that since the Supreme Court reversed the case solely on the grounds of limitations, without discussing the matter of damages, the effect was to leave the holding of the Court of Civil Appeals *intact*, and was tantamount to a holding that damages are not available to a plaintiff where a normal healthy child is born. We disagree. It is not logical to assume that if the Supreme Court felt that no cause of action existed or could exist in connection with a

negligently performed sterilization operation, they would have remanded such case for a trial on the merits. As hereinbefore noted, the Supreme Court spoke in terms of "legal remedy."

In *Jacobs v. Theiner*, 519 S.W.2d 846 (Tex.1975), the Supreme Court had before it a case where a mother had contracted rubella during her pregnancy and subsequently gave birth to a deformed child. The alleged negligence of the doctor was the failure to diagnose the rubella and failure to advise plaintiff of the attendant risk and damages. Damages were sought for the medical expenses for treatment and care of the child, and for their own emotional suffering. The trial court granted the doctor's motion for summary judgment and the Court of Civil Appeals affirmed. The Supreme Court reversed and remanded, stating that the plaintiffs had stated a cause of action against the doctor, and that the suit for recovery of expenses reasonably necessary for the care and treatment of their child's physical impairment, is not barred by consideration of public policy. The Supreme Court discussed both the *Terrell v. Garcia* case and the *Hays v. Hall* case and pointed out, in connection with the *Hays v. Hall* case, that the suit was dismissed on the grounds that limitations had run, and that this was the issue discussed in the opinion; but that the case was remanded for trial without any suggestion that no cause of action was stated.

We must assume, for the purpose of this appeal from a take-nothing summary judgment, that the sterilization operation was negligently performed by the doctors. The remaining question is as to compensation for such negligence. Unlike *Terrell v. Garcia, supra*, which was limited to the narrow question of whether damages for the monetary expenses of the care and maintenance of an unwanted child could be recovered after an unsuccessful operation on the mother, plaintiff, in the case here before us, sought damages for (a) medical expenses incurred; (b) loss of earnings; and (c) physical pain and anguish, past and future. Under the summary judgment pleadings and evidence here and the authorities herein discussed, the matter of recovery of medical expenses is clearly put in issue. We do not pass on the recoverability of the other elements of damages sought.

The trial court erred in granting the summary judgment here involved. The judgment is reversed and remanded for a new trial.