Daniel SILVA et ux., Appellants,

v.

Dr. G. Leroy HOWE et al., Appellees.

No. 1606.

Court of Civil appeals of Texas, Corpus Christi.

Nov. 26, 1980.

Rehearing Denied Dec. 18, 1980.

Farrell M. Smith, Corpus Christi, for appellants.

James F. McKibben, Jr., Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

In this medical malpractice case Daniel Silva, Jr., and wife, Aurora Silva, brought suit in their individual capacity and as next friend of their minor son, Dimitri Silva, against Dr. G. Leroy Howe, Dr. Samuel B. Ganz, Dr. Thomas Chodosh, and Corpus Christi Osteopathic Hospital, to recover damages allegedly resulting from an unsuccessful vasectomy operation. The trial court granted a summary judgment in favor of the defendants based on the defendants' contention that the plaintiffs' claim was barred by the two–year statute of limitations set out in Tex.Rev.Civ.Stat.Ann. art. 5526 (1958).

A review of the pertinent dates and events are as follows. On June 10, 1974, Mr. Silva visited the office of Dr. Chodosh to discuss having a vasectomy. On June 11, 1974, the operation was performed by Dr. Howe, an associate of Dr. Chodosh.

Later, on May 14, 1976, Mr. Silva went for a check–up which included a test for fertility, the results of which are disputed. Mr. Silva alleges that he was told that the results were negative while the hospital contends the results were positive. On May 17 and 18, 1976, pregnancy tests were performed on Mrs. Silva by two separate doctors, both of which indicated she was pregnant and she was told that she was pregnant. On June 1, 1976, an abortion was performed by Dr. Chodosh at Mrs. Silva's request.

Approximately six months later on December 16, 1976, Mr. Silva again underwent a test for fertility, and he was allegedly told that the results were negative. On March 16, 1977, a test for fertility was again taken, the results of which were positive. Mrs. Silva was found to be pregnant for a second time on March 18, 1977.

Suit was filed on July 11, 1978, before the effective date of the Medical Liability & Insurance Improvement Act which included a provision as to limitations accruing after August 29, 1977. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (1980). Appellants brought suit against all the doctors involved and the hospital. The trial court therefore based its summary judgment on the two–year statute of limitations which barred recovery of the appellants. Article 5526(6), supra.

The crux of this appeal is the establishment of the date at which point the Silvas knew or should have known that the vasectomy was unsuccessful. "One who undergoes a vasectomy operation, and then after tests is told that he is sterile, cannot know that he is still fertile, if that be the case, until either his wife becomes pregnant or he is shown to be fertile by further testing." *Hays v. Hall*, 488 S.W.2d 412, 414 (Tex.1972). Under this doctrine, a party may "know" of the failure of a vasectomy by either the pregnancy of his wife or positive results from a fertility test.

The Silvas knew that the vasectomy was unsuccessful on May 17, 1976, as a result of a positive pregnancy test on his wife. If additional proof was needed, the second pregnancy test the following day (May 18), confirming the pregnancy of his wife, was sufficient to inform the Silvas

that the vasectomy operation was unsuccessful. Certainly the pregnancy of Mrs. Silva was sufficient proof that Mr. Silva was indeed fertile.

Pursuant to the holding in *Hays v. Hall*, supra, at 414, the statute of limitations begins to run from the time the pregnancy was discovered. See *Weaver v. Witt*, 561 S.W.2d 792 (Tex.1977). Mr. Silva had two years from May 17, 1976, in which to file his suit. His failure to file the cause of action within this time period eliminates any right of recovery from the appellees.

We need not consider the cause of action asserted by the parents in behalf of their son. A parent is not entitled to recover damages from a physician for the projected expenses of rearing and educating an unwanted child. *Terrell v. Garcia*, 496 S.W.2d 124 (Tex.Civ.App.–San Antonio 1973, writ ref'd n. r. e.), cert. denied, 415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484.

We have carefully considered both of appellants' points of error and they are both overruled.

The judgment of the trial court is affirmed.