**Mr. and Mrs. Stanley SUTKIN, Appellants,**

v.

**Dr. Jay BECK, Appellee.**

**No. 20912.**

Court of Appeals of Texas, Dallas.

Jan. 6, 1982.

Rehearing Denied Feb. 8, 1982.

Larry Feldman, Dallas, for appellants.

Betty H. Little, Thompson & Knight, Dallas, for appellee.

Before GUITTARD, C. J., and WHITHAM and GUILLOT, JJ.

GUITTARD, Chief Justice.

Stanley and Laurie Sutkin sued Dr. Jay Beck for the anticipated expenses of rearing a healthy child conceived after an unsuccessful sterilization operation on Laurie Sutkin. Plaintiffs alleged negligence, misrepresentation, breach of contract, and breach of warranty. The trial court sustained special exceptions asserting that such damages are not recoverable. Plaintiffs declined to amend, their suit was dismissed, and this appeal followed. We affirm.

Plaintiffs contend that according to the allegations of the petition defendant's wrongful act has had an adverse effect on plaintiff's economic status in that they will have to spread their society, comfort, care and protection over a larger family group. They argue that denial of such a recovery would allow defendant to escape liability for the consequences of his wrong.

Plaintiffs recognize that three courts of civil appeals have held that such damages are not recoverable. These decisions are *Silva v. Howe*, 608 S.W.2d 840, 842 (Tex.Civ. App.—Corpus Christi 1980, writ ref'd n.r. e.); *Terrell v. Garcia*, 496 S.W.2d 124, 127–28 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.), *cert. denied*, 415 U.S. 927, 94 S.Ct. 1434, 39 L.Ed.2d 484 (1974); and *Hays v. Hall*, 477 S.W.2d 402, 406 (Tex.Civ.App.— Eastland 1972), *rev'd on other grounds*, 488 S.W.2d 412 (Tex.1973). In *Terrell v. Garcia, supra*, Chief Justice Barrow, speaking for the San Antonio Court of Civil Appeals, reviewed the authorities from other states and adopted the view that the intangible benefits to parents outweigh their economic loss in rearing and educating a healthy, normal child.

Notwithstanding these decisions, plaintiffs urge that the Supreme Court of Texas has adopted a contrary view. We do not agree. Although in *Hays v. Hall, supra*, the judgment of the court of civil appeals was reversed and the case was remanded for trial with no suggestion that no cause of action was stated, the supreme court later explained this ruling in *Jacobs v. Theimer*, 519 S.W.2d 846, 849–50 (Tex.1975), by observing that the damages alleged in *Hays* "included medical and hospital expenses of a deformed child which later died after living for nine months." In *Jacobs*, the supreme court expressly recognizes the distinction made by the courts of civil appeals between damages resulting from birth of a physically deformed child, which are recoverable, and damages resulting from the expenses of rearing a healthy child, which are subject to an objection "based upon speculation as to the quality of life and as to the pluses and minuses of parental mind and emotion." With respect to the latter damages, the supreme court cites *Terrell v. Garcia, supra*, with no suggestion of disapproval.

In view of this explanation by the supreme court, we hold that the trial court did not err in applying the law as declared in *Terrell v. Garcia* and the other civil appeals cases above cited.

Affirmed.