Betty DeLuna and Richard DeLuna, Appellants,

v.

Atef I. RIZKALLAH, M.D. and Atef I. Rizkallah, M.D., P.A., Appellees.

No. 01–87–00906–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 23, 1988.

Rehearing Denied Aug. 4, 1988.

Randal A. Kauffman, Houssiere & Durant, Houston, for appellants.

David R. Norton, Bailey & Williams, Dallas, for appellees.

Before JACK SMITH, COHEN and GERALD T. BISSETT *, JJ.

## OPINION

BISSETT, Justice (assigned).

Betty and Richard DeLuna (the "DeLunas") appeal from a summary judgment granted for Atef I. Rizkallah, M.D. and Atef I. Rizkallah, M.D., P.A. ("Dr. Rizkallah") in a medical malpractice action based on the erroneous interpretation of two echocardiograms. Dr. Rizkallah moved for summary judgment alleging that the DeLunas' cause of action was barred as a matter of law by the applicable statute of limitations. *See* Tex.Rev.Civ.Stat.Ann. art. 4590i, sec. 10.01 (Vernon 1987).

The summary judgment evidence showed that Betty DeLuna fainted on July 18, 1983, and was taken to the hospital where she was seen by Dr. Mohammed Athari, who diagnosed her condition as epilepsy. Athari requested that she take two echocardiograms. Dr. Rizkallah took one echocardiogram on July 29, 1983, and one on August 23, 1984. He interpreted both echocardiograms as being normal and reported this to Athari, the physician in charge. Around May of 1986, DeLuna went to a second physician, Dr. Barbandi, who diagnosed her condition as mitral stenosis. DeLuna had major heart surgeries in June and July of 1986. On July 22, 1986, DeLuna contacted counsel for the purpose

of pursuing a claim against Dr. Athari. An expert was obtained, and after he reviewed the medical records, he informed counsel by letter dated September 22, 1986 that the echocardiograms interpreted by Dr. Rizkallah could not have been normal because mitral stenosis progresses very slowly.

In three points of error, the DeLunas contend that the trial court erred in granting the summary judgment based upon statute of limitations because: (1) Dr. Rizkallah failed to meet his burden of proof; (2) the action was not barred because of the continuous treatment rule; and (3) the granting of the summary judgment violated the "open courts" provision of the Texas Constitution.

Article 4590i, section 10.01, in pertinent part, provides:

> Notwithstanding any other law, no health care liability claim may be commenced *unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed;* provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

(Emphasis added.)

The supreme court has held that article 4590i created an absolute two-year statute of limitations, and that the legislature's intent in passing the article was to abolish the discovery rule in cases governed by the Medical Liability Act. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The constitutionality of the absolute two-year statute of limitations has been challenged on a number of grounds, but the strongest ground is the allegation that the act violates the "open courts" provision of the Texas Constitution. This provision states

---

* Assigned to this case by the Chief Justice of the Texas Supreme Court pursuant to Tex. Gov't.

Code Ann. § 74.003 (Vernon 1988).

that "all courts shall be open, and every person for an injury done to him, his lands, goods, person or reputation, shall have remedy by due course of law." Tex.Const. art. I, sec. 13.

■ The defendant is entitled to a summary judgment if he conclusively establishes that the plaintiff's cause of action is barred by the applicable statute of limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). The plaintiff must plead and prove the "discovery rule" as an affirmative defense to circumvent the bar of limitations. *Smith v. Knight*, 608 S.W.2d 165 (Tex.1980). This is true even though the "discovery rule" no longer applies to medical malpractice claims. *Morrison*, 699 S.W.2d at 207–08. The plaintiff must raise the affirmative defense that she could not have discovered and filed suit within the two-year period in order to challenge the constitutionality of the absolute two-year statute of limitations. *Id.*

In the instant case, the DeLunas expressly raised this defense in their response to Dr. Rizkallah's motion for summary judgment, and also argued that article 4590i, section 10.01 violated the "open courts" provision of the Texas Constitution.

■ The constitutionality of article 4590i has been upheld as long as the statute does not cut off the cause of action before the plaintiff has a reasonable opportunity to discover the wrong and bring suit within the two year period. *Morrison v. Chan*, 699 S.W.2d at 207. In *Morrison*, the court found that the injury was discovered within the applicable statute of limitation; therefore, the act was not unconstitutional as applied to that plaintiff. However, when it is not possible for the plaintiff to discover the injury or wrong within the two-year period, the absolute two-year limitation has been held to be unconstitutional.

In *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), the plaintiff was tested to determine whether she was a genetic carrier of Duchenne muscular dystrophy. Her doctor tested her on three separate occasions, and assured her that she was not a carrier. As a result of her doctor's diagnosis, she chose not to terminate her pregnancy. Three years after the birth of her child, she was informed that her son had Duchenne muscular dystrophy. The supreme court declared that predecessor statute to article 4590i was unconstitutional as applied to that plaintiff under the open courts provision because it "cut off an injured person's right to sue before the person has a reasonable opportunity to discover the wrong and bring suit." *Id.* at 923.

In *Neagle v. Nelson*, 685 S.W.2d 11 (Tex. 1985), the plaintiff had an appendectomy performed on December 9, 1977. In January of 1980, more than two years later, he discovered that a sponge was left inside his abdomen. The supreme court also declared that as applied to this plaintiff's cause of action, article 4590i, section 10.01 was an unconstitutional violation of the open courts provision. *Id.* at 12.

Both of these cases were cited with approval in the *Morrison* opinion. 699 S.W. 2d at 207. As long as the plaintiff can discover the wrong and bring suit within the two-year period, then the statute of limitation is to run from the date of the tort or the last day of treatment, and not from discovery. *Id.* at 208. When the precise day of the tort is known, the statutory period will commence from that date, and not the last date of treatment. *Kimball v. Brothers*, 741 S.W.2d 370, 372 (Tex. 1987).

■ Because the DeLunas' summary judgment evidence conclusively shows that they could not have discovered the wrong within two years of Betty DeLuna's last treatment, which occurred on August 23, 1984, the absolute two-year statute of limitation is unconstitutional as applied to their cause of action because it violates the open courts provision of the Texas constitution.

Point of error three is sustained.

The DeLunas' third point of error is dispositive of the issues on appeal; therefore, we need not address the remaining two points.

The summary judgment is reversed, and the cause is remanded.