Beatrice ZAPATA, Appellant,

v.

Dr. Bernard ROSENFELD and Houston
Women's Clinic, Appellees.

No. 01–90–00134–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1991.

Rehearing Overruled June 6, 1991.

Julie R. Hannah, Houston, for appellant.

John C. Marshall, Deanna Dean Smith,
Levon G. Hovnatanian, Houston, for appel-
lees.

Before COHEN, DYESS[1] and
DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

Beatrice Zapata appeals the granting of
a take-nothing summary judgment in favor
of Dr. Bernard Rosenfeld and Houston
Women's Clinic.

Zapata's petition alleges that on August
26, 1987, when she was approximately sev-
en weeks pregnant, she went to Houston
Women's Clinic for the purpose of obtain-
ing an abortion. She signed a form enti-
tled "Informed Consent to Treatment, An-
esthetic and Other Medical Services,"
which advised her of possible complications
and that the abortion procedure might not
be successful. The form further advised
the patient to return for a follow-up exami-

1. The Honorable Arthur Dyess, former Justice,
Court of Appeals, First District of Texas at
Houston, sitting by assignment.

nation and stated that it is the patient's responsibility to arrange for this examination. On April 9, 1988, approximately seven and one-half months after the abortion procedure, Zapata gave birth to a healthy full-term infant.

Zapata filed suit against Dr. Rosenfeld and Houston Women's Clinic for negligent breach of contract and sought damages in the amount of $2.5 million for her mental anguish awaiting the birth of the child and for the cost of raising the child. Dr. Rosenfeld and Houston Women's Clinic both filed pleas in abatement urging that Zapata had filed a health care liability claim, and was therefore required to adhere to the written notice requirements of TEX.REV.CIV. STAT.ANN. art. 4590i, sec. 4.01 (Vernon 1991).[2] The trial court granted a 60–day abatement, and ordered Zapata to comply with section 4.01. On June 8, 1989, after the 60–day period, the trial court dismissed Zapata's entire cause of action for failure to comply with the order of abatement. Later, however, the trial court granted Zapata's motion for new trial and set aside its order of dismissal of the contract claim. Thereafter, the trial court granted Dr. Rosenfeld and Houston Women's Clinic's motion for summary judgment, which disposed of Zapata's contract claim. The trial court denied Zapata's motion for new trial and to set aside the summary judgment. Zapata brings three points of error on appeal.

In point of error one, Zapata contends the trial court committed reversible error by granting Dr. Rosenfeld's and Houston Women's Clinic's motion to dismiss following the order of abatement. Because Zapata's motion for new trial and to set aside the dismissal was granted on August 14, 1989 with regard to her contract claim, and the claim was reinstated prior to summary judgment, this point is moot and presents nothing for review. Point of error one is overruled.

In point of error two, Zapata contends that the trial court committed reversible error by granting summary judgment in favor of Dr. Rosenfeld and Houston Women's Clinic. Specifically, Zapata contends that her claim encompasses a meritorious cause of action in contract because the defendant's failure to notify her of the failure of the abortion procedure constituted a breach of duty under the contract as well as a tort. Zapata further alleges that this failure to act constitutes gross negligence.

Because the defendant's motion for summary judgment was directed solely to the pleadings, this Court must take as true every challenged allegation of the pleading. *Abbott v. City of Kaufman*, 717 S.W.2d 927, 929 (Tex.App.—Tyler 1986, writ dism'd w.o.j.). If a liberal construction of the pleading shows a fact issue, then the motion must be overruled. *Gottlieb v. Hofheinz*, 523 S.W.2d 7, 10 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ dism'd w.o.j.). Furthermore, all doubts as to the existence of a genuine issue of a material fact must be resolved against the moving parties, and the nonmovant is entitled to the benefit of every reasonable inference that can be properly drawn in her favor. *Abbott*, 717 S.W.2d at 929.

■ Zapata contends that her contract claim is one concerning a breach of a service agreement, and is not related to health care because she is not complaining of medical treatment; neither is she expressing dissatisfaction with the results of a medical procedure. She contends that Dr. Rosenfeld and Houston Women's clinic do not practice medicine, but instead are in the sole business of providing abortions. We reject this contention. Ms. Zapata went to Dr. Rosenfeld at Houston Women's Clinic to obtain an abortion, a type of medical procedure. The Texas Health and Safety Code provides that only a physician may perform this medical procedure. TEX. HEALTH & SAFETY CODE ANN. § 245.010 (Ver-

**2.** Article 4590i, sec. 4.01(a) states:
Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

non Pamph.1990). Thus, in performing the abortion, Dr. Rosenfeld and Houston Women's Clinic were providing medical care to Ms. Zapata.

 A physician makes no implied promise that the patient will be cured or that beneficial results will occur. *Lakeside Sanitarium v. Dickens,* 259 S.W. 1110, 1111 (Tex.Civ.App.—Austin 1924, no writ). In the absence of a written contract to cure, a physician simply represents that he possesses that reasonable degree of skill that is ordinarily possessed by the profession generally, and that he will exercise that skill with reasonable care and diligence, along with his best judgment. *Dennis v. Allison,* 678 S.W.2d 511, 513 (Tex.App.—El Paso) *aff'd,* 698 S.W.2d 94 (Tex.1984); *Helms v. Day,* 215 S.W.2d 356, 358 (Tex.Civ.App.—Fort Worth 1948, no writ).

Here, Ms. Zapata has not plead a contract to cure, but instead refers to the informed consent form, which she signed prior to the abortion procedure, as a contract. To prove a contract to cure, Zapata must show that Dr. Rosenfeld expressly promised or warranted a particular result. Further, the contract must be in writing and signed by the physician or someone with the authority to sign for him. TEX. BUS. & COM.CODE ANN. § 26.01(a)(8) (Vernon 1987). The informed consent form here involved is signed neither by Dr. Rosenfeld nor anyone with authority to sign for him. Additionally, the form expressly disclaims any guarantee that the abortion procedure will be successful. It provides in part that "[n]o guarantees have been made to me.... I understand the possibility that not all of the tissue will be removed and that the pregnancy may not be terminated...." Thus, the informed consent form does not constitute an express contract to cure.

Ms. Zapata contends that Dr. Rosenfeld and Houston Women's Clinic negligently breached their contract. However, she cites no authority to support the proposition that such a cause of action exists as a health care claim. Because Zapata's petition failed to allege a meritorious cause of

action against either the physician or the clinic, the trial court correctly granted the motion for summary judgment.

Point of error two is overruled.

In her third point of error, Zapata contends that this Court should disapprove a decision which infringes on the right of self-determination. Specifically, she contends that disallowing damages for the birth of a healthy child is in direct conflict with the public policy encouraging responsible parenthood. However, her pleadings did not assert an action for wrongful pregnancy; accordingly, she may not first assert this contention on appeal. Furthermore, even if she had properly presented her complaint, Texas does not recognize a cause of action for wrongful pregnancy. *See Sutkin v. Beck,* 629 S.W.2d 131, 132 (Tex.App.—Dallas 1982, writ ref'd n.r.e.) (no legally cognizable damages flow from the birth of a healthy child); *Silva v. Howe,* 608 S.W.2d 840, 842 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.) (a parent is not entitled to recover damages from physician for the expenses of rearing and educating an unwanted child).

Point of error three is overruled.

The judgment is affirmed.