Yolanda NAUGLE, Appellant,

v.

Franz C. THEARD, M.D., Appellee.

No. 08–94–00356–CV.

Court of Appeals of Texas,
El Paso.

Nov. 2, 1995.

Rehearing Overruled Dec. 15, 1995.

John Grost, El Paso, for Appellant.

Jim Curtis, Kemp, Smith, Duncan & Hammond, El Paso, for Appellee.

Before BARAJAS, C.J., PRESLAR, C.J. (Retired), and WOODARD, J. (Retired).

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a medical malpractice suit, brought pursuant to the Medical Liability and Insurance Improvement Act, TEX.REV.CIV.STAT.ANN. art. 4590i, wherein Appellant alleges Appellee failed to advise her that both fallopian tubes had been ligated. The trial court granted Appellee's motion for summary judgment on the ground that the suit was barred by limitations. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

After the birth of her third child on July 21, 1990 by cesarean section, Appellant,[1] desiring not to have any more children, requested a bilateral tubal ligation to be performed by Appellee. However, Appellee only ligated her left fallopian tube because he was unable to find Appellant's right tube due to scar tissue. Following the surgery, Appellee treated Appellant in the post-operative period for follow-up care until August 24, 1990. Although the parties are in complete disagreement as to whether Appellee told Appellant that only one fallopian tube was ligated, Appellee did not prescribe birth control for Appellant.[2] Thereafter, Appellant and her family moved to Germany.

In July 1991, Appellant became pregnant and underwent a surgical exploration for a possible ectopic pregnancy. During this operation, the surgeon noted that Appellant's right fallopian tube had not been ligated, a fact that Appellant was notified of on July 10, 1991. Unfortunately, this pregnancy was lost at the end of August.

Although she was using birth control, Appellant again became pregnant in January of 1992. Thereafter, Appellant developed a hydrosalpinx of her right tube, and in October

---

1. Appellant is a registered nurse specializing in gynecologic nursing.

2. Appellee contends that he felt Appellant was sterile because the right tube was destroyed from scar tissue arising from prior surgeries.

of 1992, Appellant had a right oophorectomy, a bilateral salpingectomy, and a hysterectomy. As a result, Appellant lost her ovarian functions. After the loss of her reproductive organs, Appellant has complained of side effects including vaginal dryness, skin problems, hair loss, and breast pain and tenderness and has been seeing a counselor for mood swings.

On September 3, 1993, Appellant brought a medical malpractice action against Appellee, seeking medical expenses, loss of wages, and compensation for physical and mental pain and suffering.[3] Appellant asserted that Appellee's failure to advise her that he had not ligated her right fallopian tube lead to the subsequent pregnancy and her attendant problems.[4] Appellee moved for summary judgment, contending that the two-year statute of limitations provision of the Texas Medical Malpractice Act barred the claim. The trial court granted summary judgment in favor of Appellee, which precipitated this appeal.

## II. DISCUSSION

Appellant attacks the judgment in three points of error, claiming that the trial court erred in granting summary judgment because the cause of action was not barred by the statute of limitations. We begin with the standards we employ to review a summary judgment.

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d 466, 469 (Tex.App.—El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the plaintiff's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the plaintiff's cause or claim. *Gibbs v. General Motors*, 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon*, 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.*, 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez*, 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines*, 659 S.W.2d 33, 34 (Tex.1983); *Cortez v. Liberty Mut. Fire Ins. Co.*, 885 S.W.2d at 469.

In her first point of error, Appellant contends that her claim was not barred by a

---

3. Appellant's precise cause of action provides:
   On or about July 21, 1990 PLAINTIFF underwent surgery to ligate both of her Fallopian tubes. However, Defendant THEARD failed to ligate both tubes, ligating just one.
   Defendant THEARD failed to advise Plaintiff YOLANDA NAUGLE that he had not ligated both tubes when he knew only one tube was ligated. Due to DEFENDANT'S failure to advise that one tube had not been ligated, YOLANDA NAUGLE did not use birth control, developed a tubal pregnancy and complications thereof. YOLANDA NAUGLE was injured as a result of DEFENDANT'S failure to advise PLAINTIFF that he had not performed a bilateral tubal ligation in July, 1990.

   . . . . .

   YOLANDA NAUGLE has suffered great mental anguish and physical pain proximately caused by the DEFENDANT'S failure to advise her that he had not ligated both fallopian tubes. YOLANDA NAUGLE brings this suit **seeking compensation for her losses that occurred on or about October 7, 1992 and afterwards.** [Emphasis added].
   Thus, Appellant has asserted no cause of action for negligent sterilization.

4. Appellee alleges that he informed Appellant that he had only ligated one of her fallopian tubes when he made rounds the day after her tubal ligation surgery. However, Appellee has no notations of this sort in writing.

two-year statute of limitations. It is Appellant's assertion that TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01, as applied to her cause of action, violates the open courts provision of the Texas Constitution. We disagree.

It is well settled that with the passage of the Medical Liability and Insurance Improvement Act,[5] the legislature intended to adopt an absolute two-year limitations period and to abolish the discovery rule for medical malpractice claims. *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985); *Neagle v. Nelson*, 685 S.W.2d 11, 12–15 (Tex.1985); *Marchal v. Webb*, 859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *DeLuna v. Rizkallah*, 754 S.W.2d 366, 367–68 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Tsai v. Wells*, 725 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). The statute specifically provides for situations where the date of injury is not readily ascertainable. Article 4590i, § 10.01, provides, in pertinent part:

> Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Pamph.1995).

■ Although the 4590i statute of limitations is subject to a constitutional challenge under the open courts provision of the Texas Constitution,[6] if an injured person discovers his or her injury while there is still a reasonable time to sue within the statutory period, the statute of limitations is not unconstitutional as applied to that individual. *Morrison*, 699 S.W.2d at 207; *Adkins v. Tafel*, 871 S.W.2d 289, 292 (Tex.App.—Fort Worth 1994, no writ); *see Shidaker v. Winsett*, 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied) (asserting that "the open courts

provision operates to render Section 10.01 unconstitutional insofar as it purports to bar a cause of action before the action is known to exist or before suit can be brought, but the provision has no effect on the limitations period when the plaintiff discovers the injury while there is still a reasonable time to sue"). Thus, in order to challenge the constitutionality of Article 4590i, as applied to her, Appellant must allege that application of the two-year limitation statute barred her cause of action before she knew or should have known that a cause of action existed. *Hellman v. Mateo*, 772 S.W.2d 64, 66 (Tex.1989).

Appellant contends that the statute of limitations should be tolled until October 7, 1992, the date her reproductive organs were surgically removed. Appellant identifies such date as the actual injury in the case and asserts that the limitations period was tolled from July 21, 1990, the date Appellee failed to ligate her right fallopian tube. However, Appellant learned on July 10, 1991 that only one tube had been ligated after she was operated on for an apparent ectopic pregnancy.[7] As such, in July 1991, Appellant had over one year left within the limitations period to bring suit. Because Appellant learned of her injury while there was a reasonable time to sue within the period prescribed by TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01, the statute of limitations is not unconstitutional as applied to her. *See Morrison*, 699 S.W.2d at 208 (barring suit where appellant learned of injury eighteen months prior to expiration of statute of limitations); *Shidaker*, 805 S.W.2d at 944 (barring suit where appellant learned of injury more than thirteen months prior to expiration of statute of limitations).

■ Appellant also asserts that she had no cause of action until October 7, 1992. Appellant correctly contends that Texas does not recognize a judicial remedy for wrongful life or death of a fetus. *See Nelson v. Krusen*, 678 S.W.2d 918, 924–25 (Tex.1984) (holding

---

**5.** TEX.REV.CIV.STAT.ANN. art. 4590i (Vernon Pamph. 1995).

**6.** That provision, one of the due process guarantees, mandates that:
   All courts shall be open, and every person for an injury done him, in his lands, goods, person

or reputation, shall have remedy by due course of law. TEX.CONST. art. I, § 13.

**7.** Clearly, Appellant was also aware that Appellee only ligated one tube during both the August 1991 and January 1992 surgeries.

that there is no cause of action in Texas for wrongful life); *see also Pietila v. Crites,* 851 S.W.2d 185, 187 (Tex.1993); *Blackman v. Langford,* 795 S.W.2d 742, 743 (Tex.1990) (holding that there is no wrongful death or survival cause of action for the death of a fetus). However, Appellant suffered a legal injury on July 10, 1991, the date she underwent a surgical exploration for a possible ectopic pregnancy. On the same date, Appellant was also made aware of the fact that her right fallopian tube had not been ligated. As such, on July 10, 1991, Appellant was aware of the facts necessary to file suit based on the negligently performed sterilization operation. *See Flax v. McNew,* 896 S.W.2d 839, 844–45 (Tex.App.—Waco 1995, no writ) (holding that (1) medical expenses incurred; (2) loss of earnings; and (3) physical pain and mental anguish past and future resulting from "wrongful pregnancy" are, upon a showing of medical negligence, recoverable); *Garwood v. Locke,* 552 S.W.2d 892, 895 (Tex. Civ.App.—San Antonio 1977, writ ref'd n.r.e.) (reversing summary judgment and holding that a cause of action had been stated for recovery of medical expenses incurred as a result of unsuccessful sterilization); *see also Hartke v. McKelway,* 526 F.Supp. 97, 100 (D.D.C.1981) (citing *Garwood* and allowing recovery in tort for negligent failure of a physician to sterilize effectively), *aff'd,* 707 F.2d 1544, *cert. denied,* 464 U.S. 983, 104 S.Ct. 425, 78 L.Ed.2d 360; *cf. Hays v. Hall,* 488 S.W.2d 412, 414 (Tex.1972) (stating statute of limitation for negligent performance of vasectomy begins to run on date discovery of true facts of failure of operation or on date such facts should have been known).

Finally, Appellant asserts that although the discovery rule and open courts allegations were raised in Plaintiff's First Amended Original Petition, Appellee failed to negate these defenses.

■ When a defendant moves for summary judgment on the basis of limitations, it assumes the burden of showing as a matter of law that the suit was barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex. 1983); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). The defendant must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex.1977); *Krueger v. Gol,* 787 S.W.2d 138, 140 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ The record in the instant case establishes that Appellant never plead the above allegations until almost a month after Appellee's motion for summary judgment. Thereafter, in Appellee's brief in response to Appellant's response to motion for summary judgment, Appellee negated the discovery rule and open courts defenses and proved when the cause of action accrued. We note, however, that Appellee met his burden of showing as a matter of law that the suit was barred by limitations in his motion for summary judgment. Appellant's new allegations concerning the discovery rule, which is no longer recognized in Texas, and open courts defenses, are merely an argument against the application of the statute of limitations. For the foregoing reasons, we overrule Appellant's Point of Error No. One.

In Points of Error Nos. Two and Three, Appellant asserts that there is a disputed fact issue as to when Appellant discovered the nature and full extent of her injuries. Appellant relies on *Neagle v. Nelson,* 685 S.W.2d 11 (Tex.1985) in her contention that Article 4590i, § 10.01 violates the open courts provision. Specifically, Appellant opines that she could not discover her injury until October of 1992.

The salient facts of *Neagle* are as follows: An appendectomy was performed on Bobby Neagle on December 9, 1977 by Dr. Nelson. He was discharged from the hospital one week later. Discovery of a surgical sponge occurred in January of 1980, more than two years after the appendectomy, when, after feeling a mass in his abdomen, Neagle submitted to exploratory surgery. Neagle alleged that the surgical sponge had been left in his abdomen during the operation and that it was impossible for him to discover the sponge until more than two years after the surgery. The trial court granted Dr. Nel-

son's motion for summary judgment based upon the two-year statute of limitations.

On appeal, Neagle contended that the statute of limitations, as applied to his cause of action, violated the open courts provision of the Texas Constitution. The Texas Supreme Court agreed, holding that "[t]he open courts provision of our Constitution protects a citizen, such as Neagle, from legislative acts that abridge his right to sue **before he has a reasonable opportunity to discover the wrong** and bring suit." *Neagle*, 685 S.W.2d at 12 [emphasis added].

Appellant has overlooked one important factual difference that exists between the Neagle situation and the case at bar. Neagle first learned that a sponge was left in his abdomen more than two years after Dr. Nelson operated on him. Because Neagle had no reasonable opportunity to discover the wrong against him, the open courts provision protected him against the two-year statute of limitations. *Id.*

Appellant, on the other hand, was told that her right tube was not ligated over a full year before the applicable period barred her recovery. Clearly, Appellant was aware of that fact when she again became pregnant in January of 1992, seven months before the statute of limitations was to expire. Because Appellant had suffered a compensable legal injury one year before the statute of limitations was to expire and was aware of the facts necessary to file suit based on the negligently performed sterilization operation, as discussed *infra*, we find that there existed no genuine issue of material fact as to when Appellant discovered the nature of her injury. Accordingly, we overrule Appellant's Points of Error Nos. Two and Three.

Having overruled each of Appellant's points of error, we affirm the judgment of the trial court.