Tammy **CRAWFORD**, Appellant,

v.

John **KIRK**, M.D., Appellee.

No. 06–95–00107–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 9, 1996.

Decided Sept. 11, 1996.

Rehearing Overruled Sept. 11, 1996.

Second Motion for Rehearing Overruled Oct. 8, 1996.

Stephen Smith, Longview, for Appellant.

William M. Blair, III, G. R. Akin, Akin, Bush, Neeley & Mason, Longview, for Appellee.

Before CORNELIUS, C.J., and GRANT and T.C. CHADICK (Retired, Sitting by Assignment), JJ.

## OPINION

T.C. CHADICK, Justice (Assigned).

Both appellee Kirk and appellant Crawford have filed a motion for rehearing. Dr. Kirk continues to assert and argue that a tort cause of action does not exist in favor of Crawford for recovery of damages in the form of actual medical expense incurred as a result of an alleged failed sterilization procedure. Crawford, however, complains that the original opinion herein, dated August 12, 1996, holds that medical expenses are the only element of damages recoverable under Texas law when a normal, healthy child is born of a pregnancy that is proximately caused by a physician's negligence in the performance of a sterilization procedure. Both motions are overruled, but the opinion of August 12, 1996, will be withdrawn and an opinion entered clarifying the decision of this Court.

Tammy Crawford appeals a summary judgment entered in favor of Dr. John Kirk in this medical malpractice suit. The trial court ruled that no cause of action exists under Texas law for recovery of damages under any action pled and granted Kirk summary judgment. The judgment is reversed, and the case is remanded for trial.

Tammy Crawford married Scott Crawford in 1984. Tammy's four-year-old son from a previous marriage lived with the Crawfords. In 1985, Tammy Crawford gave birth to a daughter. Thereafter, the couple desired to have a son of their own, but were reluctant to undertake the responsibility of another child due to the family's financial circumstances: Tammy Crawford was not employed and her husband earned just under eight dollars an hour as a welder. After much consideration, the couple decided in favor of one more child. Early in 1988, Tammy Crawford became pregnant again. Appellee Kirk was her doc-

tor for the pregnancy. Because the Crawfords had decided that their financial circumstances would allow them to have no more children even if the baby was a girl, they requested that Kirk perform a sterilization operation known as a tubal ligation on Tammy Crawford immediately after delivering the baby.

On September 6, 1988, Tammy Crawford gave birth to a girl. Immediately after delivery, Kirk performed the tubal ligation. After completing the procedure, Kirk informed Crawford that she was sterile. Subsequently, Crawford asked Kirk if she and her husband needed to use contraception when they resumed sexual activity. Kirk told her that because she was sterile, there was no need for contraception.

In January 1989, Crawford discovered that she was pregnant. In February 1989, under the care of a different doctor, Crawford had a sonogram performed, and was informed that she might be carrying twins or even triplets. A second sonogram in April 1989 ruled out the possibility of triplets, but confirmed that the couple could expect twins.

In March 1989, Crawford began experiencing vaginal bleeding. This problem worsened as her pregnancy progressed, and eventually required lengthy hospitalization. Crawford was hospitalized May 8 through 15, June 23 to 25, and July 10 through August 14. While hospitalized, Crawford was unable to care for her other children. After March 1989, even when she was not hospitalized, she was required to stay in bed almost constantly. On August 14, Crawford gave birth to twin girls.

Crawford filed this suit on November 15, 1990, alleging that Kirk negligently performed the sterilization procedure, and that this negligence was a proximate cause of the pregnancy and its associated complications. During the pendency of the suit, Crawford suffered a prolapsed uterus, allegedly caused by her pregnancy with the twins, and underwent a hysterectomy. Crawford seeks damages for all medical expenses associated with the pregnancy, physical and mental pain and suffering, and the costs of raising the twins to the age of majority. The trial court granted Kirk's motion for summary judgment, holding that there is no cause of action in Texas to recover monetary damages for wrongful pregnancy.

 Crawford contends that the trial court erred in holding that Texas does not recognize a cause of action for wrongful pregnancy.[1] The Texas Supreme Court has not directly addressed this issue, but it has issued opinions and rulings on a number of closely-related questions that provide significant guidance to a correct determination of this case.

In *Hays v. Hall*, 488 S.W.2d 412 (Tex. 1972), the plaintiff brought suit after his wife twice became pregnant despite his having undergone a vasectomy. Prior to the vasectomy, the couple had two children born with deformities, one of whom died. The first child born after the vasectomy was also deformed and lived only nine months. The second child born after the vasectomy was normal and healthy. The suit sought the following damages: medical expenses associated with both pregnancies; medical and funeral expenses of the deceased child; physical and mental pain and suffering, as well as loss of consortium; and the expenses of raising the healthy child to the age of majority.

The court of civil appeals affirmed the trial court's dismissal of the case on the ground that the plaintiffs failed to bring the suit within the required statutory period. *Hays v. Hall*, 477 S.W.2d 402, 406 (Tex.Civ.App.—Eastland 1972), *rev'd*, 488 S.W.2d 412 (Tex. 1972). The intermediate court also held that plaintiffs could not recover for the future support and maintenance costs of their child,

1. The term "wrongful pregnancy" generally refers to an action brought by parents for an undesired pregnancy resulting in the birth of a normal, healthy child due to alleged negligence in the performance of a sterilization procedure. In contrast, "wrongful birth" denotes an action brought by parents for negligent failure to diagnose or warn of an abnormality prior to the birth of a deformed child. *See Flax v. McNew*, 896 S.W.2d 839, 841 n. 3 (Tex.App.—Waco 1995, no writ). The case here seems to fall into the "wrongful pregnancy" category, though "unplanned," "unanticipated," or "undesired pregnancy" may be a more apt description of the factual circumstances shown by the record.

because normal parents experience significant satisfaction, joy, and affection in raising a healthy child. *Hays,* 477 S.W.2d at 406.

The Supreme Court reversed in an opinion that addressed only the statute of limitations point. The court held that in cases alleging negligent performance of a vasectomy, the statutory period for filing suit does not begin until the patient learns that the procedure was ineffective. *Hays,* 488 S.W.2d at 414. The court thus remanded the case for trial on the merits without directly addressing the viability of the underlying cause of action.

In *Jacobs v. Theimer,* 519 S.W.2d 846 (Tex.1975), the parents of a child born with deformities brought suit against a doctor for failing to diagnose as rubella an illness that occurred during the wife's pregnancy. The Supreme Court reversed a summary judgment for the doctor and allowed the case to proceed to trial. *Jacobs,* 519 S.W.2d at 850. Citing *Hays,* however, the court held that recovery would be limited to the expenses reasonably necessary for the care and treatment of the child's physical impairment, even though the parents also sought damages for their own emotional suffering. *Id.* Any award of damages beyond the economic burden related solely to the physical defects of the child, the court ruled, and would necessarily be based upon speculation about the quality of life and parental mind and emotion, and was therefore barred. *Jacobs,* 519 S.W.2d at 849; *see also Nelson v. Krusen,* 678 S.W.2d 918 (Tex.1984) (allowing action for wrongful birth of impaired child which sought damages for care and treatment of impairment).

■ *Hays, Jacobs,* and *Nelson* thus hold that the parents of an impaired child born as a result of another's negligence may recover the economic costs of care and treatment of the child's impairment. These cases do not address, however, the viability of a cause of action for damages resulting from negligence causing an undesired pregnancy which culminates in the birth of a healthy child. Various courts of appeals have reached inconsistent answers to this question.

In *Terrell v. Garcia,* 496 S.W.2d 124, (Tex. Civ.App.—San Antonio 1973, writ ref'd n.r.e), *cert. denied,* 415 U.S. 927, 94 S.Ct. 1434, 39

L.Ed.2d 484 (1974), a mother sought damages solely for the financial expenses of raising a normal, healthy son who was born after the mother underwent a tubal ligation. The court reviewed numerous wrongful pregnancy cases from other states, noting that a few jurisdictions allow damages for support and maintenance expenses of a healthy child. *Terrell,* 496 S.W.2d at 126–27. The court ruled, however, that the satisfaction, joy, and companionship experienced by normal parents in rearing a healthy child outweigh the economic costs of rearing the child, and so denied the requested relief. *Terrell,* 496 S.W.2d at 128. Other courts of appeals have followed *Terrell* in denying recovery for the expense of rearing a healthy child born after an allegedly negligent sterilization procedure. *Hickman v. Myers,* 632 S.W.2d 869 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.); *Sutkin v. Beck,* 629 S.W.2d 131 (Tex.App.— Dallas 1982, writ ref'd n.r.e.); *Silva v. Howe,* 608 S.W.2d 840 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

Despite its decision in *Terrell,* the San Antonio Court of Appeals later held that some types of damages may be recoverable in cases in which a healthy child is born after the allegedly negligent performance of a sterilization procedure. *Garwood v. Locke,* 552 S.W.2d 892 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.). In *Garwood,* the plaintiff gave birth to a normal, healthy child after undergoing a tubal ligation. She sought damages for medical expenses associated with the pregnancy, loss of earnings, and physical pain and anguish. The court distinguished its *Terrell* decision on the ground that the plaintiff in *Terrell* waived all damages except the cost of raising the child. *Garwood,* 552 S.W.2d at 894–95. The court held that the pleadings in *Garwood* clearly put the recovery of medical expenses in issue, and remanded the case for trial on that point. It declined to rule on the recoverability of the other alleged damages. *Garwood,* 552 S.W.2d at 895.

A recent opinion by the Waco Court of Appeals relied primarily on *Garwood* to permit recovery of a variety of damages in a wrongful pregnancy action. *Flax v. McNew,* 896 S.W.2d 839 (Tex.App.—Waco 1995, no

writ). In *Flax*, the plaintiff gave birth to a healthy child after undergoing a sterilization procedure. She sought damages for medical expenses, physical and mental pain and suffering, and permanent physical impairments due to her pregnancy. The court's opinion noted that four distinct positions regarding recovery of damages have emerged from wrongful pregnancy decisions in other states: (1) a no-recovery rule, which bars all damages; (2) a full-recovery rule, which permits all damages, including support and maintenance expenses; (3) a benefits rule, in which support and maintenance expenses are allowed, but are offset by the amount of the child's benefit to the parents; and (4) a limited-recovery rule, permitting only certain types of damages. *Flax*, 896 S.W.2d at 843. The court stated that the full-recovery rule and the benefits rule had been rejected in Texas, leaving only a choice between limited recovery and no recovery. *Id.* Relying primarily on *Garwood*, the court opted for the limited-recovery rule, but proceeded to hold that all of the damages alleged by the plaintiff in *Flax* were permissible under that rule. *Flax*, 896 S.W.2d at 845. Although noting that the court in *Garwood* limited recovery to medical expenses, the *Flax* court stated that it was aware of no Texas cases denying recovery for the other damages sought by the plaintiff. *Id.* The court rejected a recent statement by a court of appeals that Texas does not recognize a cause of action for wrongful pregnancy, characterizing the statement as unnecessary to the decision and unsupported by the authorities. *Id.; see Zapata v. Rosenfeld*, 811 S.W.2d 182, 184 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

■ A review of existing Texas authorities indicates the court in *Flax* was correct in holding that damages for the support and maintenance of a healthy child born after a failed sterilization procedure are not recoverable in Texas. *Terrell*, 496 S.W.2d at 128. On the other hand, the court was also correct in recognizing the validity in Texas of a cause of action for wrongful pregnancy based on *Garwood*, because the *Garwood* court properly distinguished its own opinion in *Terrell*, and the Supreme Court refused to grant writ of error. *Garwood*, 552 S.W.2d at 894–95. Disagreement with *Flax*, however, must be

signified as to the types of damages recoverable under such a cause of action. The court in *Garwood* approved recovery for medical expenses only, and refused to address the availability of other damages. *Garwood*, 552 S.W.2d at 895. *Flax* is therefore the only Texas case to approve the recovery of damages other than medical expenses when a normal, healthy child is born following a failed sterilization procedure. *Cf. Naugle v. Theard*, 917 S.W.2d 287, 291 (Tex.App.—El Paso 1995, n.w.h.) (citing *Flax* as authority for the recoverability of damages other than medical expenses in a wrongful pregnancy suit).

As discussed above, in *Jacobs*, a wrongful birth case, the Supreme Court limited recovery to the expenses for care and treatment of the child's physical impairment, rejecting as speculative the parents' claim for emotional suffering. *Jacobs*, 519 S.W.2d at 849. The court in *Flax* failed even to mention this holding in *Jacobs*, and thus failed to explain why the parents of a healthy child in *Flax* could recover for emotional suffering while, according to *Jacobs*, the parents of a deformed child cannot.

In light of those cases in which the Supreme Court has either written an opinion or denied writ of error, it is concluded that at the present time the parents of a normal, healthy child born after a failed sterilization procedure may recover damages for their actual medical expenses incurred as a result of the failed procedure. *Terrell* prohibits recovery of the costs of the child's support and maintenance. *Terrell*, 496 S.W.2d at 128. *Jacobs* precludes damages for emotional anguish experienced by the parents of a deformed child, and appellant offers no reason under current law to treat the parents of a healthy child differently. *Jacobs*, 519 S.W.2d at 849–50. *Garwood* approves recovery only of medical expenses in a suit brought by the parents of a healthy child. *Garwood*, 552 S.W.2d at 895. *Flax*'s expansion of the types of damages recoverable in a wrongful pregnancy suit contradicts existing Texas authority.

The Crawford pleadings allege grounds of recovery other than medical expenses. This

opinion should not be expanded to discuss and speculate upon whether a recovery of damages for a variety of other losses is permissible in a variety of circumstances.

Kirk argues under Reply Point 3 of his brief that the trial court correctly granted his motion for summary judgment because he successfully negated the elements of proximate cause and damages in appellant's pleading.

■ A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548 (Tex.1985).

■ Kirk asserts that Crawford failed to present competent summary judgment evidence that his actions proximately caused her pregnancy. The record shows that Crawford offered an affidavit by an expert in the field of obstetrics, stating that Kirk performed the tubal ligation improperly, and that such negligence was a proximate cause of the pregnancy. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant must be taken as true. *Nixon v. Mr. Property Management,* 690 S.W.2d at 548–49. Under this standard, the evidence before the trial court clearly raised a genuine issue of material fact as to proximate cause. *See* TEX.R. CIV. P. 166a. Kirk's brief does not point out proof tending to neutralize or bar recovery of medical expense as a matter of law or fact.

The trial court erred in concluding that there is no cause of action in Texas for wrongful pregnancy and in granting summary judgment on that ground. Therefore, the case must be remanded for a new trial.

It is so ordered.