William J. SMITH and Debra
J. Smith, Appellants,

v.

JOHN J. COSTELLO, M.D., P.A., and All Saints Episcopal Hospital, a Non–Profit Corporation d/b/a All Saints Episcopal Hospital, Appellees.

No. 2–92–170–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 25, 1993.

Rehearing Overruled Oct. 12, 1993.

David L. Richards, Fort Worth, for appellants.

Gould, Broude & Nelson, P.C., Maxine M. Harrington, Fort Worth, for appellee Costello.

McLean & Sanders, P.C., Daniel A. Foster, Fort Worth, for appellee All Saints.

## OPINION

HILL, Chief Justice.

William Smith and Debra Smith appeal from a summary judgment that they take nothing in their medical malpractice action against John J. Costello, M.D., P.A., and All Saints Episcopal Hospital, the appellees. The Smiths present a single point of error in which they contend that there is a material fact issue as to whether their claim is barred by the statute of limitations.

We reverse and remand because the statute of limitations is unconstitutional as applied to the Smiths because they did not discover the possible relation of their son's condition to any alleged negligence on the part of the appellees until the statute of limitations had run, and because the appellees did not plead and prove that there was no material fact issue as to whether the Smiths filed this lawsuit within a reasonable time after they learned of their son's condition.

The Smiths brought suit against the appellees on December 18, 1991, alleging acts of medical malpractice in connection with the birth of their son in 1982. In response to the appellees' assertion that their claim was barred by the statute of limitations, the Smiths stated by affidavit that they did not discover the damage caused by the malpractice until December 18, 1989, two years before filing suit, after receiving results of neuropsychological testing. We must determine whether the appellees met their burden for summary judgment by establishing that there exists no genuine issue of material fact and that they are entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979).

The Smiths' claim is precluded under the provisions of the Medical Liability and Insurance Improvement Act, TEX.REV.CIV. STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.Pamph.1993). The statute provides that no health care liability claim may be commenced unless the action is filed within two years from "the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." *Id.* The fact that the Smiths brought their lawsuit after this time had run is undisputed.

However, the open courts provision of the Texas Constitution, article I, section 13, renders the statute of limitations unconstitutional insofar as it would bar the Smiths' claim prior to their discovery of their child's injury. *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex. 1985).

The appellees contend that the Smiths did not raise the issue of the "open courts" provision in either the trial court or this court and that, if they did, their cause of action is still barred by limitations because they filed their lawsuit more than a reasonable time after their discovery of the possible connection between their son's condition and any alleged negligence on the part of the appellees.

It was the appellees' duty to establish as a matter of law that the Smiths' claim is barred by the statute of limitations; that is, that it was filed more than two years from the time designated in the statute. The undisputed record shows that it was. Consequently, the Smiths had the burden by way of response to show why the statute did not bar their lawsuit. In their response to the motion for summary judgment, the Smiths relied on the pre-statutory "discovery rule," a rule that was effectively abolished by the Medical Liability and Insurance Improvement Act. *See Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). However, we hold that the Smiths' allegation of the discovery rule sufficiently raised the issue of the

unconstitutionality of article 4590i. *See Hellman v. Mateo,* 772 S.W.2d 64, 66 (Tex.1989) (per curiam opinion on reh'g). Even if the Smiths did not plead the unconstitutionality of the statute in the court below, and even though the general rule is that the unconstitutionality of a statute must be pled in the trial court, this court may still review such an issue where the unconstitutionality of the statute is obvious and apparent, regardless of how or when the issue is raised. *Smith v. Decker,* 158 Tex. 416, 312 S.W.2d 632, 636 (1958). We hold that the Texas Supreme Court's prior opinion in *Neagle, supra,* makes the unconstitutionality of this statute obvious and apparent within the purpose of this rule.

The appellees urge that they are entitled to summary judgment even if the Smiths raised the issue, because the Smiths as a matter of law did not bring their lawsuit within a reasonable time after discovery. The appellees' motions for summary judgment only alleged that the Smiths' lawsuit was barred by the statute of limitations. They contained no contention that the Smiths waited more than a reasonable time after discovery before bringing their lawsuit. We hold that where, as here, the discovery of the facts giving rise to the lawsuit arose after the applicable statute of limitations has run, the party seeking to obtain a summary judgment that the lawsuit is barred by limitations must plead and prove as a matter of law that the plaintiff did not bring suit within a reasonable time after discovery of the conditions giving rise to the lawsuit. *See Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975) (per curiam), in which the court held that where the plaintiff challenges the existence of limitations, the movant has the burden of negating the applicability of the issue raised by the nonmovant. The appellees made no such pleading. Consequently, we sustain the Smiths' sole point of error.

We reverse the summary judgment and remand for further proceedings.

FARRAR, J., not participating.