Opinion issued October 8, 2009











In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00903-CV




ESTELITA AGUILAR, Appellant

V.

DOJO ENTERPRISES, INC., D/B/A PARTY CITY, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2004-01457




MEMORANDUM OPINION
          Estelita Aguilar appeals the trial court’s take-nothing judgment in her personal
injury suit, which arose from an incident at a Party City store. Aguilar contends that
the trial court abused its discretion and denied her due process of law by: (1) refusing
to continue the trial to permit two eyewitnesses and a doctor to testify; (2) granting
a take-nothing judgment in favor of appellee, Dojo Enterprises, when the trial court
previously denied a motion for summary judgment based on limitations and Aguilar
argued that Dojo Enterprises’ insurance carrier was aware of the incident; (3) ruling
that certain admissions were deemed; and (4) excluding certain medical andbilling
records.
          We affirm.
Background
          While shopping at a Party City store on January 15, 2002, a box of plates fell
on Aguilar’s head. Aguilar fell to the floor, vomited, and passed out. An ambulance
took her to a nearby hospital, where she later woke up. Meanwhile, the store manager
filled out an incident report. After the incident, Aguilar sought medical attention for
her injuries, which she testified included persistent vertigo.
          During 2003, Aguilar, through her attorney, communicated with Dojo
Enterprises’ insurance carrier regarding the incident. In March 2003, a claims
specialist wrote to Aguilar’s attorney, requesting all medical bills and an
authorization for release of medical information, which Aguilar signed several weeks
later.
          On January 14, 2004, Aguilar sued Dojo Enterprises, d/b/a Party City. 
Approximately two weeks later, another claims specialist wrote to Aguilar’s attorney,
referencing a January 2003 letter that Aguilar’s attorney had sent and requesting
supporting documentation.
          In June 2005, Aguilar’s attorney sent Dojo Enterprises’ insurance carrier a
demand letter, in which he stated, “[T]his letter represents an attempt to settle the
claim of above referenced client without the necessity of litigation.” On January 23,
2006, Dojo Enterprises answered the lawsuit, asserting the affirmative defense of
limitations. On March 1, 2006, Aguilar filed her first amended original petition,
which included a certificate of service of the same date.
          In June 2007, the trial court held a bench trial in this matter. Only Aguilar
testified. She described what she recalled about the incident, and she described her
alleged injuries. She attempted to introduce medical records accompanied by
business records affidavits, but the trial court sustained Dojo Enterprises’ objections
that the records had not been produced during discovery and that the affidavits were
not timely filed.
          Aguilar’s attorney requested a continuance to allow him to present the
testimony of two eyewitnesses and a treating physician. The trial court denied the
request, noting that the eyewitnesses could not supply the necessary, lacking
testimony as to medical damages and that the treating physician’s name had not been
disclosed in response to Dojo Enterprises’ discovery requests. 
          Finally, Dojo argued that the case was barred by the two-year statute of
limitations. In response, Aguilar’s attorney argued that Dojo had actual notice of the
incident and the claim because he had been in communication with Dojo Enterprises’
insurance carrier. 
          The trial court stated its findings of fact from the bench:
In reviewing the evidence and the documents and the procedural
history that we find here today, the medical charges have not been
sufficiently proved to support any recovery for medical expenses by the
plaintiff. Second finding by the Court is that service was more than two
years after the date of the incident. The statue of limitation is two years. 
And the plaintiff has failed to prove any due diligence in that service
was a huge failure to serve the citation within two years of the incident. 
The defendant’s objections and the motion to exclude the documents
and witnesses who were not timely disclosed is granted. If you have a
request for admission here on file, but if not, properly denied they are
deemed admitted, and we have those.
 
From examining everything, I have no doubt that this lady may
have had this box fall on her head, but from the proof offered here in
trial, she’s not entitled to any recovery from the Court. The plaintiff will
take nothing and the case is dismissed.
 
          Aguilar filed a motion for new trial and a motion to vacate the take-nothing
judgment. The motion for new trial was overruled by operation of law, and the
motion to vacate the judgment was expressly denied.
          Aguilar appeals.
Requests for Continuance
          In her first and sixth issues, Aguilar contends that the trial court “abused its
discretion and denied [her] due process and equal protection under the law” when the
trial court denied Aguilar’s requests to continue the trial to allow two eyewitnesses
and one treating physician to testify. Aguilar cites to no legal authority for either of
these issues. See Tex. R. App. P. 38.1(i) (“The brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record.”). Accordingly, we hold that Aguilar has inadequately briefed these issues
and, thus, waived them.


 See id.
Take-Nothing Judgment
          In her second issue, Aguilar argues that the trial court erred by granting a take
nothing judgment in favor of Dojo Enterprises because Dojo Enterprises’ insurance
adjusters told Aguilar that they would “investigate the accident and handle the
injuries and damages” sustained by Aguilar. The trial court made clear that it granted
the take-nothing judgment because Aguilar failed to produce admissible evidence of
causation and damages and because Aguilar failed to comply with the two-year
statute of limitations. In addition, Aguilar cites no legal authority for this proposition. 
See Tex. R. App. P. 38.1(i) (“The brief must contain a clear and concise argument for
the contentions made, with appropriate citations to authorities and to the record.”). 
Accordingly, we hold that Aguilar has inadequately briefed this issue and, thus,
waived it. See id. 
          We overrule this issue.
 
 
 
Statute of Limitations and Due Diligence
          In her third issue, Aguilar complains that the trial court rendered a take-nothing
judgment despite having previously denied Dojo Enterprises’ motion for summary
judgment regarding the statute of limitations. 
          No motion for summary judgment or order thereon appears in the appellate
record. After the close of evidence, Dojo Enterprises urged its affirmative defense
of the statute of limitations. Aguilar’s attorney told the trial court, “I believe all of
this argument has been presented.” At that time, the trial court stated on the record,
“[T]here is an affirmative defense pled in the case which they are entitled to present. 
There was no summary judgment denying the affirmative defense, if I remember
right.”
          To comply with the statute of limitations, a plaintiff must file suit within the
applicable limitations period and use diligence to serve the defendant with process.
Proulx v. Wells, 235 S.W.3d 213, 215 (Tex. 2007). If service is diligently effected
after limitations has expired, the date of service will relate back to the date of filing.
Id.; accord Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Zale Corp. v.
Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975) (per curiam). Due diligence depends
on: (1) whether the plaintiff acted as an ordinary prudent person would act under the
same circumstances; and (2) whether the plaintiff acted diligently up until the time
defendant was actually served. Lawrence v. Geico Gen. Ins. Co., No.
01-07-00873-CV, 2009 WL 1886177, at *3 (Tex. App.—Houston [1st Dist.] July 2,
2009, no pet.) (mem. op.); accord Eichel v. Ulla, 831 S.W.2d 42, 44 (Tex. App.—El
Paso 1992, no writ). Whether the plaintiff acted with due diligence is a question of
fact. Eichel, 831 S.W.2d at 43. Only when the plaintiff offers no valid explanation
for the delay in service may the question of due diligence be answered as a matter of
law. Id. at 44.
          Aguilar’s claim was subject to the two-year statute of limitations. See Tex.
Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002) (stating two-year statute
of limitations for personal injury tort claims). Aguilar’s alleged injury occurred on
January 15, 2002. She filed suit on January 14, 2004. No evidence of the date of
service was introduced at trial, and we find no such evidence in the appellate record. 
However, Dojo Enterprises answered the lawsuit on January 23, 2006, raising the
affirmative defense of limitations at that time. At trial, Aguilar offered no evidence
and no argument regarding her attempts to serve Dojo Enterprises with process. 
Instead, Aguilar’s attorney described the interactions he had with the insurance
adjusters for Dojo Enterprises. In the appellant’s brief, Aguilar’s attorney noted that
Dojo Enterprises had actual knowledge of the lawsuit on July 19, 2005, because he
faxed a copy of Aguilar’s original petition to an insurance adjuster. 
          None of this was sufficient to show due diligence in service of process. Even
actual knowledge is not a substitute for service of process. Wilson v. Dunn, 800
S.W.2d 833, 837 (Tex. 1990) (“Absent service, waiver, or citation, mere knowledge
of a pending suit does not place any duty on a defendant to act.”); see Tex. R. Civ.
P. 21 (“Every pleading . . . shall be served on all other parties.”). We hold that the
trial court did not err by finding in favor of Dojo Enterprises on the statute of
limitations.
          We overrule this issue.Deemed Admissions
          In her fourth issue, Aguilar challenges the trial court’s ruling that certain
admissions were deemed. Specifically, the trial court ruled that if the admissions
were on file and not properly denied, they were admitted. Aguilar argues that the trial
court should not have deemed the admissions because “Defendant’s questions were
somewhat confusing” because the request for admissions was commingled with
interrogatories. Dojo Enterprises argues, “It is uncontroverted that Appellant failed
to respond to Appellee’s written discovery requests propounded to her prior to the
trial. . . . All of the discovery propounded to Appellant by Appellee was within the
trial court’s record at the time judgment was rendered.”
          Neither the request for admissions nor Aguilar’s response appear in the
appellate record. Likewise, no “motion for leave to submit and file” discovery
responses appears in the appellate record either. Under the Texas Rules of Civil
Procedure, “[i]f a response [to a request for admissions] is not timely served, the
request is considered admitted without the necessity of a court order.” Tex. R. Civ.
P. 198.2(c). We cannot say that a trial court abuses its discretion in considering
admissions that are deemed in accordance with law. 
          We overrule this issue.
Medical Records
          In her fifth issue, Aguilar contends that the trial court abused its discretion by
excluding her medical and billing records. At trial, Dojo Enterprises objected to these 
documents because they were not disclosed in response to written discovery requests
and because the accompanying business records affidavits were not timely filed. 
Aguilar refers us to Neagle v. Nelson, 685 S.W.2d 11, 12 (Tex. 1985), and Weiner v.
Wasson, 900 S.W.2d 316, 318 (Tex. 1995), to support her contention that she was
denied due process. Neagle held that the two-year statute of limitations violated the
open courts provision of the Texas Constitution in a medical-malpractice case
because the plaintiff could not have discovered the injury within the two-year
limitations period. Neagle, 685 S.W.2d at 12. Weiner held that the two-year statute
of limitations violated the open courts provision of the Texas Constitution as applied
to a minor alleging medical malpractice. Weiner, 900 S.W.2d at 321. At trial,
Aguilar testified that she was 70 years old and that her alleged injury occurred on
January 15, 2002. Neither Neagle nor Weiner applies to her case.
          To the extent that Aguilar complains about the trial court’s ruling, her issue is
waived.


 See Tex. R. App. P. 38.1(i) (“The brief must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities and to the
record.”).
          We overrule this issue.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Michael Massengale
                                                             Justice

Panel consists of Chief Justice Radack and Justices Bland and Massengale.