IN THE SUPREME COURT OF TEXAS
 
════════════
No. 09-0544
════════════
 
Jeremy Molinet, Petitioner,
 
v.
 
Patrick Kimbrell, M.D. and John Horan, M.D., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued October 13, 
2010
 
 
            
Justice Lehrmann, joined by 
Justice Medina, dissenting.
            
As the Court acknowledges, we have repeatedly recognized that certain 
constitutional restrictions and common law doctrines may override the two-year 
limitations period established by section 74.251(a) of the Civil Practice and 
Remedies Code and its statutory predecessors. See, 
e.g., Walters v. Cleveland Reg’l Med. Ctr., 
307 S.W.3d 292, 298 (Tex. 2010); Neagle v. 
Nelson, 685 S.W.2d 11, 12 (Tex. 1985); Borderlon v. Peck, 651 S.W.2d 907, 909 (Tex. 
1983). Nevertheless, the Court concludes that the deadline is “absolute,” 
trumping the statutory override the Legislature established in section 33.004(e) 
of the Texas Civil Practice & Remedies Code. ___ S.W.3d at 
___. The same legislative Act that implemented the current version of 
section 33.004(e) also enacted a ten-year statute of repose which “contemplates 
it is at least possible for certain [health care liability] claims to be brought 
up to eight years after limitations expires.” Walters, 307 S.W.3d at 298; 
see Tex. Civ. Prac. & Rem. Code § 
74.251(b). In my view, the Legislature’s simultaneous 
adoption of a provision allowing for the post-limitations initiation of health 
care liability claims and a provision allowing joinder 
of responsible third parties against whom limitations has run, at a minimum, 
clouds the purportedly unambiguous, “[n]otwithstanding 
any other law” language of section 74.251(a) the Court relies on. And, with 
several specified exceptions not relevant here, chapter 33 applies to “any 
cause of action based on tort.” Tex. 
Civ. Prac. & Rem. Code § 33.002(a)(1) 
(emphasis added). Viewing the Act as a whole and absent any other expression of 
legislative intent to exclude health care liability claims from section 
33.004(e)’s purview, I respectfully dissent.
            
Before the 2003 amendments to chapter 33 of the Civil Practice and 
Remedies Code, adopted as part of the sweeping tort reform implemented by House 
Bill 4,[1] defendants in tort suits, including 
health care liability defendants, were permitted to attempt to shift liability 
to responsible third parties by joining them as third-party defendants. Act of 
May 18, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. 
Gen. Laws 971, 972–73, amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.02–4.04, 2003 Tex. Gen. Laws 847, 855–56; 
see Gregory J. Lensing, Proportionate 
Responsibility and Contribution Before and After the Tort Reform of 2003, 35 
Tex. Tech L. Rev. 1125, 1186 (2004). Like the 
present version of chapter 33, a claimant was permitted 
to assert a claim against a responsible third party a defendant had joined under 
chapter 33 within sixty days of the party’s joinder, 
even if limitations had expired. Act of May 18, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973, amended by Act 
of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, 
2003 Tex. Gen. Laws 847, 855–56. A responsible third party could be joined only 
if the party (1) was or might have been liable to the claimant for all or part 
of the claimant’s damages; (2) was subject to the court’s jurisdiction; and (3) 
could have been sued by the claimant, but was not. Act of May 18, 1995, 74th 
Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 
972, amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.04, 2003 Tex. Gen. Laws 847, 855–56.
            
The 2003 amendments to chapter 33, however, dramatically altered this 
third-party practice. Under the current version of the statute, the trier of fact may allocate a percentage of responsibility to 
a third party designated by a defendant, even if the party has not been made a 
party to the lawsuit. Tex. Civ. Prac. 
& Rem. Code §§ 33.003, 
33.004. A jury’s allocation of responsibility to a 
designated third party has no legal impact upon the designee: adverse findings 
impose no liability, and “may not be used in any other proceeding, on the basis 
of res judicata, collateral estoppel, or any other legal theory . . . .” Tex. Civ. Prac. & Rem. Code § 
33.004(i)(2). But the 
defendant has “much to gain strategically by designating a responsible third 
party because the defendant has a possibility of shifting a large percentage of 
responsibility onto the responsible third party, thereby avoiding joint and 
several liability,” Jas Brar, Friend or Foe? 
Responsible Third Parties and Leading Questions, 60 Baylor L. Rev. 261, 275 (2008), or 
possibly evading any liability at all. See Elaine A. Carlson, Tort 
Reform: Redefining the Role of the Court and the Jury, 47 S. Tex. L. Rev. 245, 259 (2005) (hereinafter Carlson); 
Tex. Civ. Prac. & Rem Code § 33.001. As the concurring 
justice in the court of appeals in this case observed, the designee has no legal 
incentive to vigorously contest liability or attempt to assign responsibility to 
the defendant. 284 S.W.3d 464, 470 (Simmons, J., concurring); see 
also Carlson at 261. Read in light of proper canons of construction, the 
relevant provisions do not dictate the imbalanced scheme stemming from the 
Court’s decision.
            
In construing a statute, our ultimate goal is to determine the meaning 
the Legislature intended. Fresh Coat, Inc. v. K-2, 
Inc., 318 S.W.3d 893, 901 (Tex. 2010). We begin with the statute’s 
text, and “‘examine the entire act to glean its meaning.’” Id. 
(quoting Meritor Auto., Inc. v. Ruan Leasing 
Co., 44 S.W.3d 86, 90 (Tex. 2001)) (emphasis added). We also presume that 
the Legislature intended a just and reasonable result. City of Dallas v. 
Abbott, 304 S.W.3d 380, 384 (Tex. 2010); see Tex. Gov’t Code § 311.021(3).
            
The Court grounds its decision on the assumption that the language of 
section 74.251(a), providing for a two-year limitations period “[n]otwithstanding any other law,” is clear and unambiguous, and 
mandates the application of the limitations period to Molinet’s claims against Kimbrell. 
But section 33.002 of the Code unambiguously provides that chapter 33 applies to 
“any cause of action based on tort” and Deceptive Trade Practices Act claims, 
and specifies the claims to which it does not apply. Tex. Civ. Prac. & Rem. 
Code § 33.002. More 
importantly, the Court reads section 74.251(a)'s language in isolation. House 
Bill 4, the source of both sections 74.251(a) and 33.004(e), also enacted 
section 74.251(b), a provision that clearly allows some health care liability 
claims to be brought after limitations has run.[2] Walters, 307 
S.W.3d at 298. While the Legislature could have conceivably enacted 
subsection (b) to give effect to previously recognized common law or 
constitutionally mandated exceptions to limitations, as the Court posits, no 
language in House Bill 4 supports that assumption. On the other hand, section 
33.004(e) was a portion of the very bill enacting the ten-year repose statute; 
thus, the Legislature’s own words undermine the Court’s conclusion that section 
74.251(a) imposes an absolute deadline. See Leland v. Brandal, 257 S.W.3d 204, 208 (Tex. 2008) (construing 
statutes “passed at the same time as part of the same tort-reform bill [House 
Bill 4]” in harmony).
            
This Court has been reluctant to look to legislative history to divine 
the Legislature’s meaning, and rightly so when the statute’s words clearly 
convey legislative intent. See In re Collins, 286 S.W.3d 911, 918 (Tex. 
2009) (citing Alex Sheshunoff Mgmt. Servs., L.P. v Johnson, 209 S.W.3d 644, 652 n.4 (Tex. 
2006)). In this instance, however, the Legislature’s simultaneous adoption of a 
ten-year repose period for medical liability claims and its amendments to 
chapter 33 create an ambiguity that justifies consideration of legislative 
history bearing on the specific issue before us. See HCBeck, Ltd. v. Rice, 284 S.W.3d 349, 356 (Tex. 2009) 
(looking to legislative history to determine meaning of term that lent itself to 
two equally plausible interpretations); see also Robinson v. Crown Cork & 
Seal Co., ____ S.W.3d ___, ___ (Tex. 2010) (looking to legislative record to 
determine public interest Legislature sought to serve in enacting Chapter 149 of 
the Civil Practice and Remedies Code).
            
In the Senate proceedings to consider the Conference Committee Report on 
House Bill 4, the following exchange between Senator Hinojosa and Senator 
Ratliff, House Bill 4's sponsor and a member of the conference committee that 
crafted the substitute that was ultimately enacted, is recorded in the Senate 
Journal:
Senator 
Hinojosa: When a defendant names a responsible third party, as I understand it, 
the plaintiff has 60 days to bring the third party into the suit, even if 
limitations would otherwise have run against that person. . . . 
Is that true in a medical malpractice claim too, because on page 63 of the bill 
it seems to say that the two-year statute in those cases applies notwithstanding 
any other law?
 
Senator 
Ratliff: Yes, if health care providers are going to have the benefit of the 
designation of responsible third parties, then they have to abide by the same 
rules as everyone else. This 60-day provision would apply in health care 
liability claims.
 
78th Leg., R.S., Journal of the Texas Senate 5005 (citations 
omitted). That exchange, which addresses the precise 
issue before the Court, was “ordered reduced to writing and printed in the 
Senate Journal” by unanimous consent “to establish legislative intent regarding 
HB4.” Id. at 5003. According to the 
Court, its reading of the statute does not create an absurd or nonsensical 
result, and if it does, it is the Legislature’s doing. ___ 
S.W.3d at ___. But the Legislature crafted a scheme that permits 
defendants to attempt to minimize their liability by designating other 
responsible parties, while allowing plaintiffs to join the designees even if 
limitations have run. Under the Court’s reading of the statute, which ignores 
the impact of section 74.251(b), health care liability defendants will be in a 
position to force plaintiffs to “prove the liability of the party defendant (or 
defendants), while at the same time defending the empty chair.” Wes Christian 
& Alexandra Mutchler, Musical Chairs: 
Apportioning Liability, 44 The 
Advoc. 118, 123 (2008). The distortion inherent 
in such a procedure has been noted:
“A plaintiff . . . has no knowledge, 
possession, or control of evidence that a [responsible third party] could use to 
protect himself from a finger-pointing defendant. The empty chair defense, 
therefore . . . places an impossible burden upon plaintiffs to 
represent [the responsible third party’s] interests as well as their own, while 
giving defendants a great advantage in diminishing their own liability by 
allowing them to allocate fault to [the responsible third party]. The result 
would likely be an inaccurate diminution of fault allocated to defendants and an 
increase of fault attributed to unrepresented [responsible third party].”
 
Id. at 
124 (quoting Nancy A. Costello, Allocating Fault to the Empty Chair: Tort 
Reform or Deform, 76 U. Det. Mercy 
L. Rev. 571, 597 (1999)). According to the sponsor of House Bill 4, 
Representative Joe Nixon, the bill’s purpose was “‘to 
establish an equitable and efficient system of justice in Texas that provides 
meaningful remedies for those who have been wronged while protecting the rights 
of those who have done no wrong.’” Carlson at 248–249 (quoting Press Release, 
House Chairman Joe Nixon Files Legislation to Curb Medical Lawsuit Abuse (Feb. 
12, 2003) (http:// www.house.state.tx.us/news/release.php?id=91 (web page no 
longer available)); see also Leland v. Brandal, 
257 S.W.3d at 208 (noting that the reforms applicable to health care liability 
claims House Bill 4 effected were intended to be implemented “in a manner that 
will not unduly restrict a claimant's rights”) (citing Act of June 2, 2003, 78th 
Leg., R. S., ch. 204, § 10.11(b)(3), 2003 Tex. Gen. 
Laws 847, 884)). The Court’s decision today disrupts the balance the Legislature 
sought to implement in section 33.004(e).
            
Moreover, contrary to the fundamental purposes of the reforms implemented 
in House Bill 4, the Court’s reading of the statute will have the unintended 
consequence of encouraging lawsuits against health care providers. In the wake of today’s decision, cautious health 
care liability claimants will be motivated to sue every health care provider 
involved in the patient’s care, no matter how minimal their involvement, in 
order to circumvent an empty-chair defense by more likely responsible 
defendants.
            
Finally, the posture of this case differs significantly from Texas 
Lottery Commission v. First State Bank of DeQueen, 
325 S.W.3d 628 (Tex. 2010). In that case, we were called upon to resolve an 
apparent conflict between provisions of the Lottery Commission Act and the 
Uniform Commercial Code. We gave effect to the UCC provision, declining to 
resort to canons of construction that might have eliminated the conflict, 
instead applying a section of the UCC providing “that ‘a rule of law, statute, 
or regulation that prohibits [or] restricts’ an assignment of a prize won in a 
state lottery ‘is ineffective.’” Id. at 638 (quoting 
Tex. Bus. & Com. Code § 9.406(f)). The Act 
implementing the UCC provision at issue in that case, unlike House Bill 4, 
contained no explicit exceptions; any exception would have had to have been 
imported from a distinct piece of legislation, the bill amending the Lottery 
Act.
            
Further, strong policy considerations dictated by the Legislature 
necessarily shape our decisions interpreting the UCC; while our opinion did not 
discuss them, those considerations made the application of otherwise-applicable 
canons of construction inappropriate in Lottery Commission. The UCC is 
intended to simplify, clarify, and modernize commercial practices. See Sw. Bank v. Info. Support 
Concepts, Inc., 149 S.W.3d 104, 110 (Tex. 
2004); Tex. Bus. & Com. Code § 1.103. Our decision in 
Lottery Commission is consistent with the mandate that the UCC “is to be 
regarded as particularly resistant to implied repeal.” Tex. Bus. & Com. 
Code § 1.104 cmt. 1. The considerations that 
precluded our application of canons of construction in Lottery Commission 
are simply not present in this case.
            
It is apparent from the context in which section 74.251(a) and section 
33.004(e) were enacted that section 74.251(a)’s “[n]otwithstanding any other law” language is not unambiguous. 
The Court’s construction ignores section 74.251(b)’s impact, gives no effect to 
section 33.004(e)’s joinder provision in health care 
liability claims, and disrupts a carefully constructed scheme balancing the 
interests of both defendants and claimants, despite explicit expressions of 
contrary legislative intent. Accordingly, I respectfully dissent.
 
                                                                                                                                                
            
_________________________________
                                                                                                                                                            
Debra H. Lehrmann
                                                                                                                                                            
Justice
 
OPINION DELIVERED: January 
21, 2011






[1] Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 4.03, 2003 Tex. Gen. Laws 847, 
855–56.

[2] 
That section provides:
                                                                

(b) A claimant must bring a health care liability claim 
not later than 10 years after the date of the act or omission that gives rise to 
the claim. This subsection is intended as a statute of repose so that all claims 
must be brought within 10 years or they are time barred. Tex. Civ. Prac. & Rem. 
Code 
§ 74.251(b).