**DISSENT; and Opinion Filed August 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01457-CV

**CHARLES CHANG, M.D., Appellant**
**V.**
**ASHLEY DENNY, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-02470-2013**

## DISSENTING OPINION

By Justice Schenck

On July 21, 2006, Dr. Charles Chang performed a right frontal craniotomy to remove Ashley Denny's benign neurocytoma. Denny's CT scan the next day did not show any abnormalities, nor did the other five scans done before Denny was discharged from the hospital, or the MRIs and CT scans taken over the next five years. It was not until May 11, 2011, that doctors detected a change in Denny's scan, noting an increase in the size of two cystic structures in her brain. As a result, Denny underwent a second surgery with Dr. Chang on May 26, 2011. Dr. Chang anticipated finding and extracting a benign tumor but, instead, he found a cotton ball that had not been removed during the first surgery.

Immediately after the surgery, Dr. Chang informed Denny's parents of the foreign cotton ball he found and extracted during the surgery. Denny was told by her parents a few days later about the cotton ball. Within a month, Denny hired legal counsel to pursue a medical liability

claim. However, Denny's legal counsel did not file suit until July 25 or 26, 2013, about seven years after the initial surgery and more than two years after Denny had been notified the foreign material had been left in her brain during the first surgery. Initially, the trial court dismissed Denny's claims against Dr. Chang as being barred by statute of limitations. Thereafter, Denny convinced the trial court to grant a new trial. At trial, a jury, in addition to being asked to determine whether Dr. Chang's negligence caused injury to Denny, was asked to determine whether Denny had diligently prosecuted her claim and suit, so as to avail herself of the open courts defense to limitations. The jury found Denny diligently pursued her claim and that Dr. Chang's negligence caused Denny injury. Dr. Chang moved for Judgment Non Obstante Veredicto (JNOV) claiming, in part, that the evidence was legally insufficient to establish Denny used due diligence and filed suit within a reasonable time following discovery of her injury. The trial court denied Dr. Chang's motion and entered judgment on the verdict. This appeal followed.

In one of his issues, Dr. Chang challenges the trial court's denial of his motion for JNOV on Denny's open courts defense. The majority concludes there is more than a scintilla of evidence to support the jury's finding of diligent prosecution. For the reasons set forth herein, I find myself unable to join in that conclusion. Accordingly, I respectfully dissent.

## I.

I begin with a brief discussion of the statute of limitations before addressing the open courts doctrine. The statute of limitations is one of the first hurdles that the filing party must clear before continuing with the suit, and the lawsuit is barred if the party cannot clear that hurdle. Former Chief Justice Marshall of the United States Supreme Court said in *Clementson v. Williams*, 12 U.S. (8 Cranch) 72, 74 (1814), that a statute of limitations, even though necessarily arbitrary when set, becomes an objective standard of fairness entitled to the same level of respect as every other statute the Legislature passes to prevent parties from being forced to argue against stale and ancient

claims. The Legislature necessarily makes a value judgment when it enacts a statute of limitations, and legislators together decide when the interests of a complaining party's right to its day in court end and the interests of not prosecuting stale claims begin. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464–65 (1975). All parties are thereafter on notice of claims processing deadlines.

When the statute of limitations is raised as an affirmative defense, courts must apply it to determine whether, as a matter of law, the case may proceed. The statute applicable here is contained in Section 74.251(a) of the Texas Civil Practice and Remedies Code, which provides a medical liability claim must be filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment, that is the subject of the claim, is completed. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a).

While limitations are creatures of statute, established by the Legislature, the open courts doctrine is a constitutional mandate. TEX. CONST. art. I, § 13. The open courts provision of the Texas Constitution provides: "All courts shall be open and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Id.* This requirement "guarantees that a common law remedy will not be unreasonably abridged." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 521 (Tex. 1995). This guarantee operates quite differently from a tolling provision. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 784 (Tex. 2007). Tolling provisions generally defer accrual of a claim until the plaintiff knew, or in the exercise of reasonable diligence should have known, the facts giving rise to the claim. *Id.* (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). Thus, in cases where a tolling provision applies, the statute of limitations does not begin to run, in the first instance, until the plaintiff knew, or in the exercise of reasonable diligence should have known, the facts giving rise to the claim. The Legislature did not include a tolling provision for medical

liability claims, including those that are inherently incapable of discovery within the period of limitations.

In *Shah v. Moss*, the Texas Supreme Court concluded section 75.251(a) violated the Constitution's open courts guarantee as applied to a plaintiff with an inherently undiscoverable condition, affording such a plaintiff additional time to act with "due diligence" and file a claim. 67 S.W.3d 836, 846–47 (Tex. 2001). It is unclear why the Legislature has remained silent for the past 18 years in the wake of this holding, leaving courts to tailor-make a remedy in each case.

It is equally unclear whether the question of diligence, in connection with an open courts determination, is one of fact for the jury to decide, or one of law for the court.[1] *Shah* did not directly answer that question—although other Texas courts[2] have treated the due diligence question as a legal question for the court on summary judgment.[3] Treating it as a question of fact, as the majority does, has the potential to dilute the purpose of a dispassionate and objective conclusion on the timing of suit. Treating it in this manner risks the issue's disappearing into the amorphous slurry of jury deliberations, and subsuming into jurors' sense of who should win. It eliminates a dispassionate, objective conclusion of the issue and is contrary to the purpose behind limitations, that being certainty, equality, and predictability.

In any event, I find it unnecessary, in this case, to determine whether the question presented is one of fact or law as the same outcome obtains regardless. Controlling precedent establishes Denny failed to exercise diligence, as a matter of law,[4] and no reasonable jury could find Denny

---

[1] *See Sparf v. United States*, 156 U.S. 51, 106 (1895) (juries decide fact questions and courts decide legal questions).

[2] *Shah* did not directly answer the question, though it affirmed a summary judgment resolving the question. *Shah*, 67 S.W.3d at 846–47; *Tenet Hosps. Ltd. v. Rivera*, 445 S.W.3d 698, 704 (Tex. 2014) (summary judgment affirmed and no due diligence as a matter of law after waiting seven-and-a-half years to file suit); *Yancy*, 236 S.W.3d at 785 (summary judgment affirmed and no due diligence as a matter of law after waiting nineteen months to file suit); *Garcia v. Palestine Mem'l Hosp.*, No. 14-00-01144-CV, 2002 WL 192359, at *1 (Tex. App.—Houston [14th Dist.] Feb. 7, 2002, no pet.) (not designated for publication) (summary judgment affirmed and no due diligence as a matter of law after waiting sixteen months to file suit).

[3] *Shah* applies an earlier holding in *Neagle v. Nelson*, 685 S.W.2d 11 (Tex. 1985). In that case, one Justice, Justice Kilgarlin, writing for himself suggests that the open courts' remedial question of due diligence should be treated as a question of fact for the jury. *Id.* at 15.

[4] *See Rivera*, 445 S.W.3d at 704; *Yancy*, 236 S.W.3d at 785; *Garcia*, 2002 WL 192359, at *1; *Shah*, 67 S.W.3d at 846–47.

exercised due diligence in pursuing her claim. Indeed, I am aware of no case that has held a delay as long as this to constitute an exercise of due diligence. *Cf. Garcia v. Palestine Mem' l Hosp.*, No. 14-00-01144-CV, 2002 WL 192359, at *1 (Tex. App.—Houston [14th Dist.] Feb. 7, 2002, no pet.) (not designated for publication) (delay of sixteen months excessive as a matter of law).

The record establishes Denny filed suit against Dr. Chang twenty-five months after she learned a cotton ball remained in her brain following the first surgery. At trial, Denny attempted to explain the delay in filing by stating there were times she was either physically or emotionally not well and could not help her lawyer, and that it took her multiple years to find an expert to testify on her behalf.[5] Denny's alleged inability to help her lawyer is the singular reason that the majority affirms the trial court's judgment on this issue, as the majority correctly concludes Denny's other explanation concerning an expert is insufficient because an attorney's policy to search for an expert before filing suit does not constitute due diligence. *See Erickson v. Heim-Hall*, 172 S.W.3d 664, 666 (Tex. App.—San Antonio 2005, no pet.); *LaGesse v. Primacare, Inc.*, 899 S.W.2d 43, 44–45, 47 (Tex. App.—Eastland 1995, writ denied).

Even if the delay in retaining an expert could be considered with respect to the due diligence inquiry, it is not at all clear that Denny needed an expert in the first place.[6] This is not a complicated medical malpractice case. *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007) ("expert testimony is necessary to establish causation as to medical conditions *outside the common knowledge and experience of jurors*.") (emphasis added). Amputating the wrong leg or leaving foreign objects in the body generally breaches the standard of care and is the cause of some damage. But even if an expert is required to fulfill chapter 74's expert report requirement, nothing

---

[5] In her motion for new trial, Denny did not mention any difficulty in communicating with counsel. Rather, she based her motion on pending criminal matters and difficulty in obtaining an expert.

[6] While expert opinion evidence is necessary to establish the standard of care and breach in medical malpractice cases, it is not invariably necessary to establish factual causation, depending on the nature of the claimed injury. *Jelinek v. Casas*, 328 S.W.3d 526 533 (Tex. 2010) (noting expert testimony is the norm).

within that chapter tolls limitations on the claim and Denny launches no constitutional attack on it in any event.

Conceding that delaying suit to find an expert witness is insufficient, in and of itself, to justify the lag in filing here, the majority allows Denny's claim to survive by reasoning that the client's illness made it difficult to talk to her attorney and therefore led to a two-year delay in filing suit. I do not call into question the obvious pain and suffering that Denny has been through, and instead commend her on her proactive hiring of an attorney only a month after learning a foreign object had been left in her brain during her first surgery, as well as her persistence in searching for an expert. However, the majority's reasoning fails to acknowledge an accepted truth about attorney–client relationships that is fundamental to our justice system; the actions of a party's attorney are the actions of the party itself. *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986). As her counsel was candid to acknowledge at argument, the responsibility of preparing and filing this petition did not fall on the client. During the summary judgment hearing, he advised the trial court he believed a reasonable period to file after discovering the injury would be the two year limitations period. He did not mention any difficulty communicating with his client.

I am obliged to find that Denny has not provided evidence that would enable a jury to come to the conclusion that her counsel met the due diligence standard to save her claim from being time barred. Therefore, even if due diligence is a fact question for the jury, Denny's suit was filed too late to satisfy the statute of limitations. Even in cases like this one, where negligence has caused significant harm, neutral and predictable application of the law compels us to apply it in every single case. The law plainly requires a party asserting an affirmative open courts defense in response to an assertion the claim is barred by the medical liability statute of limitations to show

due diligence in pursuit of their claim and to adequately explain any delay. No matter how tempting, we simply cannot ignore the law for a favorable outcome in one specific case.

Although Denny herself was attempting to exercise due diligence, the misunderstandings and inaction of her legal counsel left her with a stale claim. Rather than pursue a stale claim against Dr. Chang, Denny's relief should be the pursuit of a fresh claim against her attorney. The law might prevent recovery against Dr. Chang, but it also provides a path to recovery for the person harmed.

CONCLUSION

The open courts provision has been a remedy for the violation of plaintiffs' right to due process for over a decade. Either as a fact question or a legal question, the result in this case before us is the same, but thought should be put into not only why due process is protected, but also how due process is protected. Accordingly, I respectfully dissent from the majority's opinion.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171457DF.P05