

# NUMBER 13-21-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SIEGFRIED PUEBLITZ, M.D.,         Appellant,

v.

TOM RAY LEMEN,            Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Siegfried Pueblitz, M.D. filed an amended petition for permissive interlocutory appeal seeking to challenge the trial court's October 29, 2021 amended order denying his motion for summary judgment based on the affirmative defense of limitations. We deny his petition.

## I. BACKGROUND

According to Pueblitz's amended petition for permissive appeal, Pueblitz interpreted the results of a kidney biopsy for appellee Tom Ray Lemen on January 25, 2017. On January 22, 2019, Lemen was diagnosed with cancer by a different physician. Lemen had the kidney surgically removed on February 22, 2019. Lemen filed a medical malpractice suit against Pueblitz on March 11, 2021, claiming Pueblitz negligently interpreted the biopsy. Pueblitz filed a motion for summary judgment arguing that Lemen's claim was barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE. ANN. § 74.251(a) (creating a two-year limitations period for health care liability claims).

According to Pueblitz, Lemen invoked the Texas Constitution's open-courts doctrine, which gives litigants a reasonable time to discover their injuries and file suit. TEX. CONST. art. I, § 13; *Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 295 (Tex. 2010). Pueblitz's petition states that Lemen submitted affidavits from Lemen, his wife, and his counsel, which stated "that [he] attempted to retain counsel to bring suit for this late-discovered injury, but that health issues, then the COVID-19 pandemic, prevented him from retaining counsel.[1]" Pueblitz stated that the affidavits specified that between July 2019 and June 2020, Lemen spoke to at least fifteen separate attorneys to represent him on the case before he was finally able to find counsel to represent him.

The trial court denied Pueblitz's motion for summary judgment but did not state the grounds on which it relied. The trial court did make the necessary findings to support a permissive appeal and granted Pueblitz's permission to file a permissive appeal. *See* TEX.

---

[1] This quote is from Pueblitz's petition, not Lemen's affidavits, which were not provided to us for consideration.

CIV. PRAC. & REM. CODE ANN. § 51.014(d). Pueblitz's petition followed.

## II. APPLICABLE LAW

### A. Permissive Appeals

To be entitled to a permissive appeal from an interlocutory order that is not otherwise appealable, the requesting party must establish to the trial court that (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and (2) allowing immediate appeal "may materially advance the ultimate termination of the litigation. *Id.*; *see also* TEX. R. APP. P. 28.3. If the trial court grants permission to appeal, as here, we may accept the appeal if the appeal is warranted under the foregoing criteria. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f). An appellate court's decision to grant or deny a permissive appeal is discretionary. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019).

### B. Open Courts Doctrine

The open courts provision of the Texas Constitution provides litigants a reasonable time to discover their injuries and file suit without being time-barred by applicable limitations periods. *Walters*, 307 S.W.3d at 295. The doctrine is commonly applied to health care liability claims where the malpractice cannot be readily discovered, such as errant-sponge cases. *See id.* at 295–96 (citing *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex. 1985)). Under the open courts provision, a claimant must "use due diligence and sue within a reasonable time after learning about the alleged wrong" to overcome a limitations defense. *Yancy v. United Surgical Partners Int'l*, 236 S.W.3d 778, 785 (Tex. 2007) (quoting *Shah v. Moss*, 67 S.W.3d 836, 847 (Tex. 2001)). Whether a period of time is

reasonable under the open courts doctrine is ordinarily a question of fact. *Gagnier v. Wichelhaus*, 17 S.W.3d 739, 745 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing *Neagle*, 685 S.W.2d at 14); *DeRuy v. Garza*, 995 S.W.2d 748, 753 (Tex. App.—San Antonio 1999, no pet.) (concluding reasonableness of eleven-month delay was a fact question precluding summary judgment); *see also Chang v. Denny*, No. 05-17-01457-CV, 2019 WL 3955765, at *8 (Tex. App.—Dallas Aug. 22, 2019, pet. denied) (mem. op.) (upholding a jury finding of reasonableness in a twenty-five-month delay where plaintiff offered evidence of time to find correct treatment, complications from the alleged malpractice, and difficulty finding an expert witness).

## III.    ANALYSIS

Having reviewed Pueblitz's amended petition and the documents attached thereto, this Court is of the opinion that Pueblitz has not shown that he is entitled to a permissive appeal. A permissive appeal to a denial of summary judgment on that issue would be inappropriate because whether Lemen used due diligence and brought his suit within reasonable time is a fact question. *See Gagnier*, 17 S.W.3d at 745; TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (requiring that a permissive appeal "involves a controlling question of law"). Accordingly, we deny Pueblitz's petition for permissive appeal.

## IV.    CONCLUSION

We deny appellant's amended petition for permissive appeal.

CLARISSA SILVA
Justice

Delivered and filed on the
21st day of December, 2021.

4